20998

The STATE, Respondent, v. Joseph Boston MURRAY, Appellant.

(256 S. E. (2d) 543)

*Venable Vermont, Jr.,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Buford S. Mabry, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

June 26, 1979.

GREGORY, Justice:

Appellant Joseph Boston Murray was convicted of escape and was sentenced to six months imprisonment. The issue on appeal is whether the evidence introduced by the State at trial varied materially from the allegations in the indictment. We affirm.

The indictment upon which appellant was tried alleges that on December 27, 1977, he did:

while being lawfully confined in a prison, to wit: Goodman Institute, a branch of the South Carolina Department of Corrections, and while in the lawful custody of the Superintendent, Guards, and Officers thereof, did then and there wilfully and unlawfully escape therefrom, against the peace and dignity of the State and contrary to the statute in such case and made and provided.

The evidence introduced by the State established that on December 24, 1977, appellant was permitted to leave the confines of the Goodman Correctional Institution unaccompanied by a custodial agent for a period of seventy two (72) hours. Appellant, a double A trustee, was given this furlough so that he might spend Christmas with his wife. The seventy two (72) hour period expired at 4:00 p. m. December 27, 1977, and appellant failed to return. He turned himself in on December 30, 1977 and the record contains no explanation by appellant of his absence. Appellant was tried and convicted of escape and was given the minimum sentence allowed by law.

On appeal appellant contends the evidence introduced by the State established a crime materially different from the crime alleged in the indictment. We disagree.

Appellant was indicated for escaping from the lawful custody of the Department of Corrections. At the start of his trial appellant stipulated that at all times pertinent to the indictment he was in the lawful custody of the Department of Corrections. Appellant made this stipulation on his own motion in the attempt to preclude the State from proving either the "duration of his sentence or the crime for which he was committed."

The State then established by the testimony of officials of the Department of Corrections that appellant failed to return from his Christmas furlough.

Failure to return from a furlough is "deemed an escape" by Section 24-3-210, 1976 Code of Laws of South Carolina.

The evidence introduced by the State established the very crime charged in the indictment. There was no variance.

Appellant's argument that the proof varied from the indictment is based on his misconception that the indictment charged him with "busting out" of a locked jail cell as opposed to failing to return from a furlough. The indictment is not that specific, however. The indictment simply charges appellant with escape and it does not allege or even hint at the method or means used to effect the escape. Since the indictment was general, it would support the more particular proof.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.