**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-40859
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DELGADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:08-CR-104-2

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Delgado appeals his guilty-plea conviction of conspiracy to possess with intent to distribute marihuana, for which he was sentenced as a career

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offender under U.S.S.G. § 4B1.1. He contends that his previous conviction of escape, which he alleges resulted from his walking away from a halfway house, is not a crime of violence ("COV") for purposes of sentencing him as a career offender.

Delgado moves to supplement the record on appeal with copies of his escape indictment and the presentence report used when sentencing him for escape. The motion is GRANTED.

In *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir. 1999), we rejected an argument that a walkaway escape from a community treatment center or correction center does not qualify as a COV. The Supreme Court recently distinguished a state offense of failing to report for periodic imprisonment from the offense of escape, stating that "[t]he behavior that . . . underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." *Chambers v. United States,* 129 S. Ct. 687, 687, 691 (2009). We read *Chambers* as consistent with *Ruiz*, and Delgado's escape conviction is a COV.

The government moves to strike its brief and remand for reconsideration in light of *Chambers,* which the government contends suggests that walkaway escapes are not COV's. Because *Chambers* is consistent with *Ruiz*, no remand is necessary, and the motion is DENIED.

AFFIRMED. MOTION TO SUPPLEMENT GRANTED. MOTION TO STRIKE BRIEF AND REMAND DENIED.