**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4449**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILLIAM TRAVIS WARREN, JR.,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-cr-00293-BO-1)

Submitted: May 11, 2010          Decided: June 18, 2010

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, Chapel Hill, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Travis Warren, Jr., appeals from the 160-month sentence imposed after he pleaded guilty to possession of a firearm and ammunition by a felon. The district court enhanced Warren's sentence based on application of the Armed Career Criminal Act (ACCA). One of the three qualifying convictions used to support application of the enhancement was a North Carolina conviction under N.C. Gen. Stat. § 20-141.5 (Lexis Nexis 2007) for fleeing to elude arrest with a motor vehicle with two aggravating factors. Warren argues that this conviction was not a qualifying predicate felony because it was not a crime of violence. Finding no error, we affirm.

Although Warren initially filed an objection to the presentence report (PSR) regarding the fleeing to elude conviction, he chose not to continue his objection to the use of this conviction for ACCA purposes at sentencing. Thus, this issue is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error test, United States v. Olano, 507 U.S. 725, 732-37 (1993), a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public

2

reputation of judicial proceedings." Id. (internal quotation marks omitted).

A defendant is an armed career criminal when he violates 18 U.S.C. § 922(g)(1) (2006) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1) (2006); U.S. Sentencing Guidelines Manual § 4B1.4(a) (2008). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," "is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii) (2006). In reviewing a lower court's determination that a defendant is an armed career criminal as defined by the ACCA, we review factual findings for clear error and legal conclusions de novo. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003) (citing United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001)).

Warren claims that the district court erred in accepting the probation officer's determination that his prior North Carolina felony conviction for eluding arrest with a motor vehicle with two aggravating factors was a violent felony in light of Begay v. United States, 128 S. Ct. 1581, 1585 (2008) (holding that a crime of violence under the "otherwise" clause in 18 U.S.C. § 924(e) (2006) must be "roughly similar, in kind

3

as well as in degree of risk posed," to the enumerated crimes). Warren contends that fleeing to elude arrest by motor vehicle is not sufficiently similar to the enumerated qualifying felonies to be considered a violent felony and that, using a categorical approach, see United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002), no conviction under the North Carolina statute should be considered a violent felony for ACCA purposes. A violation of N.C. Gen. Stat. § 20-141.5 is a Class I misdemeanor unless two or more aggravating factors listed in subsection (b) are present, in which case the offense is a Class H felony. Warren's conviction for eluding arrest with a motor vehicle included two aggravating factors: speeding in excess of fifteen miles per hour and driving recklessly.

Here, because the blue light statute at issue "criminalizes conduct that could be 'generally committed' in multiple ways, some violent and some not, the categorical approach is inapplicable." United States v. Bethea, ___ F.3d ___, 2010 WL 1695608, at *2 (4th Cir. Apr. 27, 2010) (No. 09-4333) (quoting Chambers v. United States, 129 S. Ct. 687, 690 (2009)). Therefore, the court uses a modified-categorical approach, in which "a court is entitled to review 'charging documents filed in the court or conviction, or [] recorded judicial acts of that court,' to determine whether the defendant's crime 'necessarily' constituted the type of generic

4

conduct that would implicate the ACCA." Bethea, 2010 WL 1695608, at *2 (quoting Shephard v. United States, 544 U.S. 13, 20 (2005)).

North Carolina's blue light statute includes "at least one form of conduct that is and one form of conduct that is not an ACCA predicate;" therefore the court may review the charging documents and judicial records to determine if Warren was convicted of "generic conduct that would constitute a violent felony." Id. "[A]fter Begay, a residual-clause predicate crime must (1) present a serious potential risk of physical injury similar in degree to the enumerated crimes of burglary, arson, extortion, or crimes involving the use of explosives; and (2) involves the same or similar kind of 'purposeful, violent, and aggressive' conduct as the enumerated crimes." United States v. Dismuke, 593 F.3d 582, 591 (7th Cir. 2010) (quoting Begay, 128 S. Ct. at 1584-85).

We join the Fifth, Sixth, Seventh, and Tenth Circuits and hold that vehicular fleeing involves an act of defiance of the law and a likely potential face-to-face confrontation at the conclusion of pursuit and therefore a risk of physical injury similar in degree to the enumerated offenses exists. See Dismuke, 593 F.3d at 592; United States v. Wise, 597 F.3d 1141, 1146-47 (10th Cir. 2010); United States v. Young, 580 F.3d 373, 377-78 (6th Cir. 2009); United States v. Harrimon, 568 F.3d 531,

5

536 (5th Cir. 2009). But see United States v. Tyler, 580 F.3d 722, 725 (8th Cir. 2008); United States v. Harrison, 558 F.3d 1280, 1294 (11th Cir. 2009) (fleeing to elude arrest, without high speed or recklessness, does not carry same level of risk as enumerated offenses). The criminalized behavior included in the North Carolina statute's aggravating factors presents a sufficient risk of significant physical injury similar in degree to the enumerated crimes.

The second part of the modified-categorical approach requires that the court find that North Carolina's crime of vehicular fleeing, as it applies to Warren with the aggravating factors, involves conduct that is similarly violent and aggressive to burglary, arson, extortion, or crimes that involve the use of explosives. See Begay, 128 S. Ct. at 1584-85; Bethea, 2010 WL 1695608 at *3, Dismuke, 593 F.3d at 591. "If the conduct encompassed by [the] fleeing statute is violent and aggressive in th[e] generic sense, then the requirements of Begay are satisfied and the conviction was properly counted as a violent felony." Dismuke, 593 F.3d at 594. The violent and aggressive conduct must only carry the potential for violence and physical injury to another, but does not require intent to cause such injury. See Chambers, 129 S. Ct. at 692.

We conclude that Warren's crime of intentional fleeing to elude arrest, coupled with the aggravating factors of

speeding in excess of fifteen miles above the posted speed limit and reckless driving, is similarly violent and aggressive as the residual clause enumerated crimes.  See Begay, 128 S. Ct. at 1584-85.  Accord Dismuke, 593 F.3d at 593-94; Wise, 597 F.3d at 1146-47;  Harrimon, 568 F.3d at 534-35, Young, 580 F.3d at 377-78; United States v. LaCasse, 567 F.3d 763, 767 (6th Cir. 2009).  Therefore, the court did not plainly err in applying the enhancement.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7