WYNN, Circuit Judge,
dissenting:
I don’t disagree with the majority’s assertion that courts are permitted to draw reasonable inferences from the underlying judicial records when considering whether prior convictions qualify under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Perhaps it is even true that logic and common sense support the majority’s determination that the Corner Market and Sunrise-Sunset Restaurant burglarized by this defendant are indeed “buildings or structures affixed to the land.” But this type of judicial intervention is neither warranted nor permitted in this case.
The Supreme Court has plainly stated that for the ACCA to apply, the Government is held to the “demanding requirement” of “a showing that a prior conviction ‘necessarily ’ involved (and a prior plea necessarily admitted) facts equating to generic burglary.” Shepard v. United States, 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (emphases added). Logic, common sense, and reasonable inferences in the absence of actual evidence are simply insufficient to meet this burden. I must therefore respectfully dissent.
In Shepard, the Supreme Court emphasized that its opinion in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), had established only a narrow exception to the general rule that the ACCA prohibits a later court “from delving into particular facts disclosed by the record of conviction.” Shepard, 544 U.S. at 17, 125 S.Ct. 1254 (citing the holding from Taylor, 495 U.S. at 602, 110 S.Ct. 2143). Shepard leaves no doubt that even under that exception, a later court is “limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.” Id. at 26, 125 S.Ct. 1254 (emphasis added). By contrast, if “the record is silent on the generic element, there being no plea agreement or recorded colloquy in which [the defendant] admitted the generic fact,” the ACCA may not be applied. Id. at 25, 125 S.Ct. 1254 (emphases added).
Significantly, the Supreme Court explicitly rejected in Shepard a broader evidentiary inquiry into the facts underlying a conviction, noting that Congress was iree to amend the ACCA if it desired such a wider view. Id. at 23, 125 S.Ct. 1254. Likewise, the narrow approach outlined in Taylor and Shepard is critical to avoiding Sixth Amendment challenges to increases in sentences under the ACCA. See id. at 25-26, 125 S.Ct. 1254 (“The rule of reading *299 statutes to avoid serious risks of unconstitutionality counsels us to limit the scope of judicial factfinding on the disputed generic character of a prior plea, just as Taylor constrained judicial findings about the generic implication of a jury’s verdict.” (internal citation omitted)); see also Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be ... proved beyond a reasonable doubt.”).
Here, the district court concluded that Defendant’s burglary convictions for breaking and entering into the Corner Market and the Sunrise-Sunset Restaurant could be found not to have taken place into buildings or structures. Given the majority’s position to the contrary, reasonable minds may obviously disagree concerning the facts underlying Defendant’s convictions. As such, it is self-evident that there has been no “showing that a prior conviction ‘necessarily’ involved (and a prior plea necessarily admitted) facts equating to generic burglary.” Shepard, 544 U.S. at 24, 125 S.Ct. 1254 (emphases added). I see no reason why this Court’s common sense should be more reliable than that of a capable district court judge, or why we should replace his fact-finding with our own.[1] See United States v. Humphries, 372 F.3d 653, 657 (4th Cir.2004) (“In our deference to fact-finding, we also give ‘due weight to inferences drawn from those facts by resident judges.’” (quoting Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996))).
Nor do I see a need for this Court to stray from long-established principles concerning the interpretation of the ACCA by interjecting the terms “common sense,” “logic,” or “reasonable inferences” into the list of official judicial records that would meet the “demanding requirement” established in Shepard. Indeed, we have recently observed that one of the “animating purposes” of Shepard is to “avoid extensive litigation about prior convictions at sentencing,” including to “mitigate any Sixth Amendment problems that lurk in the modified categorical approach and judicial fact-finding.” United States v. Washington, 629 F.3d 403, 409-10 (4th Cir.), cert. denied, — U.S. -, 132 S.Ct. 127, 181 L.Ed.2d 49 (2011); see also Taylor, 495 U.S. at 601, 110 S.Ct. 2143 (“[T]he practical difficulties and potential unfairness of a factual approach are daunting.”).
In Washington, this Court reiterated that our own precedent recognizes that Shepard prohibits courts from looking to “sources that would allow them to ‘rely on facts neither inherent in the conviction nor admitted by the defendant.’ ” Id. at 410 (quoting United States v. Alston, 611 F.3d 219, 226 (4th Cir.2010), and citing United States v. Bethea, 603 F.3d 254, 259 (4th Cir.2010)). “As a result, any ACCA enhancement stems only from information about the nature of a conviction that has passed through Sixth Amendment filters: charging documents and jury instructions that indicate what the government must have proved, factual findings to which the defendant consented, and so forth.” Washington, 629 F.3d at 410.
The burden on the Government is not particularly high. See United States v. *300 Harcum, 587 F.3d 219, 222 (4th Cir.2009) (“The Government bears the burden of proving an ACCA predicate offense by a preponderance of the evidence.”). However, Shepard limits the Government to the evidence contained in judicial records to meet that burden. See, e.g., Bethea, 603 F.3d at 259-60 (vacating and remanding an ACCA sentencing enhancement because even though the “most plausible explanation” or common use of the term “escape” might indicate the defendant acted violently, the Shepard-approved documents did not “necessarily” show the violent conduct required under the ACCA). Again, doing so is not especially difficult, as the Government may easily draft burglary indictments to refer to “buildings or structures” or otherwise ensure that a defendant admits during his plea colloquy that he did in fact burglarize buildings or structures. The Government failed to meet its burden in this case.
Nonetheless, the majority holds that “[t]he more-than-remote possibility that a restaurant or Corner Market could be conducted in a railroad car or on a river craft should not undermine the compelling conclusion that [Defendant’s] convictions were for the burglaries of buildings or structures.” Ante p. 295. Yet, in the absence of any actual evidence to support this so-called “compelling conclusion,” it ultimately constitutes mere speculation that falls far outside the bounds of Shepard and its “demanding requirement” that the prior conviction “necessarily involved ... facts equating to generic burglary.” 544 U.S. at 24,125 S.Ct. 1254 (emphasis added).
This conjecture leaves us in the untenable position of an appellate court considering extrinsic “evidence” that the Government acknowledged at oral argument that it was actually prohibited under Shepard from offering at Defendant’s sentencing. None of the judicial records pertaining to Defendant’s prior convictions contain any allegation that the Corner Market or the Sunrise-Sunset Restaurant are buildings or structures; they are referred to only by their proper names. Indeed, nothing in the record either proves or disproves that those establishments are located in buildings or structures, or that Defendant “necessarily admitted” to those facts as part of his guilty plea. If not from these judicial records, where then did the majority obtain its “evidence” that the Sunrise-Sunset Restaurant and the Corner Market are buildings?[2]
*301 The “common-sense approach” adopted by the majority essentially shifts the burden of proof from the Government to Defendant. However, in the face of a silent record, Shepard requires that we find the ACCA and its mandatory fifteen-year sentence to be wholly inapplicable, rather than seek to find facts and allow the Government to meet its burden through reasonable inference and speculation in the absence of actual evidence. See Evans-Smith v. Taylor, 19 F.3d 899, 908 n. 22 (4th Cir.) (“While all inferences must be made in favor of the prosecution, leaps of logic should not be.”), cert. denied, 513 U.S. 919, 115 S.Ct. 298, 130 L.Ed.2d 211 (1994); see also United States v. Aguila-Montes de Oca, 655 F.3d 915, 935-37 (9th Cir.2011) (repeatedly emphasizing that “the factual basis for the defendant’s conviction” is “determined by looking at the limited universe of Shepard documents” and that “a court must exercise caution in determining what facts a conviction ‘necessarily rested’ on.... It is not enough that an indictment merely allege a certain fact or that the defendant admit to a fact; the fact must be necessary to convicting that defendant.”).
Contrary to the majority’s assertion, this is not some “divorced-from-reality, law-school-professor-type hypothetical[ ] that bear[s] no resemblance to what goes on.” Ante p. 295 (quoting United States v. Rainer, 616 F.3d 1212, 1216 (11th Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 968, 178 L.Ed.2d 796 (2011)). This is the difference between a sentence of twenty-seven months in prison and one of fifteen years in prison. To impose that sort of criminal penalty, the Government simply must show more than the possibility, based solely on common sense and logic, that Defendant’s prior convictions may qualify under ACCA. The Supreme Court has clearly held that Defendant must have necessarily admitted elements of the generic offense. For the foregoing reasons, I respectfully dissent.

. The concurring opinion observes that ”[t]he use of common sense is not the equivalent of fact-finding.” Ante p. 298. Perhaps true, but the majority’s holding that its common sense is somehow more correct than that of the district court certainly begs the question of just how "common” this "common sense” is. *301 deuce such as a map or personal knowledge— that the "Sunrise-Sunset Restaurant” in Maui is definitively located in a building or structure? And yet, under the majority’s holding today, that will be the law in this Circuit.

. In fact, the majority’s statement that "[a] defendant who pleads guilty to the burglary of a McDonald’s Restaurant, under similar circumstances to this case, necessarily pleads guilty to the burglary of a building or structure” illustrates perfectly the danger of such speculation based only on common sense or logic. Ante p. 296. Notably, it is not apparent what "similar circumstances” would render the per se determination that a McDonald’s Restaurant is a building for purposes of invoking the ACCA. Without some extrinsic knowledge of the circumstance of location in this case or another, it could well fit within the description of the McDonald’s Restaurant that operated out of a riverboat in Saint Louis for twenty years. See http:// www.yelp.com/biz/mcdonalds-riverboat-stlouis (last visited Nov. 10, 2011); http:// www.flickr.com/photos/tom-margie/ 2864343408/lightbox/ (last visited Nov. 10, 2011).
But Shepard prohibits the use of extrinsic evidence in conducting an ACCA analysis. Likewise, Shepard prohibits the use of conjecture based on our own individualized notions of where a restaurant or store may be located. And that prohibition applies whether the restaurant is named McDonald's or Padow’s.
The concurring opinion's hypothetical scenario involving an Outback Steakhouse or a Wawa is beside the point; this case concerned two presumably local establishments. Given that a conviction in any state may be used for purposes of an ACCA enhancement, would the majority likewise feel comfortable determining — without resort to extrinsic evi-