# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40411

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN DELGADO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-253

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

I.

In 2008, Defendant-Appellant Juan Delgado pleaded guilty to and was convicted of conspiracy to possess 188 kilograms of marijuana with the intent to distribute it. At sentencing, the district court determined that Delgado was a "career offender" under § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines") after classifying his previous conviction for escape as a "crime of violence." As a career offender, Delgado's range of imprisonment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40411

under the Guidelines increased from 77 to 96 months to 188 to 235 months. The district court sentenced him to 188 months in prison. Delgado then appealed.

On that direct appeal, Delgado asserted that the district court had erred in categorizing his prior conviction of escape.[1] He insisted that his conviction, which occurred because he fled a halfway house, did not qualify as a crime of violence under the United States Supreme Court's opinion in *Chambers v. United States*.[2] That panel rejected his contention and affirmed.

Delgado then attacked his sentence on the same grounds under 28 U.S.C. § 2255. The district court denied his motion, and he applied for a certificate of appealability ("COA"). Both the district court and this court denied his request.

In 2014, Delgado once again attacked his sentence under § 2255. He again contended that the district court erred in its appraisal of his earlier conviction. In doing so, he relied on this court's more recent opinion in *United States v. Jones*,[3] which held that "[a]bsconding from a halfway house does not categorically present a serious potential risk of physical injury to another" and, as a consequence, is not a crime of violence under the Guidelines.[4] The district court denied Delgado's subsequent motion under § 2255 as successive.

Delgado then moved for relief from that denial under Federal Rule of Civil Procedure 60(b) and applied for another COA. In considering these, the district court indicated that, under the new opinion in *Jones*, it would not have considered the escape a crime of violence. It nonetheless determined that, as with Delgado's successive motion under § 2255, it lacked authority to consider

---

[1] *United States v. Delgado*, 320 F. App'x 286 (5th Cir. 2009).

[2]  555 U.S. 122 (2009).

[3] 752 F.3d 1039 (5th Cir. 2014).

[4] *Id.* at 1046.

the motion under Rule 60(b). It then granted Delgado's application for a COA as to whether his motion under § 2255 or Rule 60(b) should be considered a petition under 28 U.S.C. § 2241 on the basis of the "savings clause" of § 2255. Delgado now appeals.

## II.

Delgado insists that any remedy under § 2255 is ineffective or inadequate to attack the legality of his detention and that, as a result, the district court should have construed his motions under Rule 60(b) and § 2255 as petitions under § 2241 pursuant to this court's recent opinion in *United States v. Cano*.[5] The government responds that the district court properly determined that it lacked authority to consider Delgado's motions as successive and that, even so, *Cano* is distinguishable.[6]

Under the savings clause of § 2255, a federal prisoner may attack the legality of his detention in a petition under § 2241 if he establishes that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."[7] For the savings clause to apply, a petition must show that the claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[8] Even if either of Delgado's motions are considered to be such a petition, each fails the above said test because it raises alleged errors regarding

---

[5] *United States v. Cano*, No. 14-40839, *1-2 (5th Cir. April 14, 2015) (unpublished).

[6] Delgado does not assert—and we do not consider—whether Section 4B1.2(a)(2) of the Sentencing Guidelines violates his right to due process. *See Beckles v. United States,* 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (2016).

[7] *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2013).

[8] *Id.* at 904.

his sentence, not his conviction.[9] The savings clause of § 2255 therefore does not apply.

Instead, Delgado is impermissibly using the motions under § 2255 and Rule 60(b) "as an occasion to relitigate [his] case" and, for that matter, his direct appeal.[10] As discussed above, the opinion in Delgado's direct appeal determined that "[his] escape conviction [*wa*]*s* a [crime of violence]."[11] That opinion, of course, directly conflicts with the subsequent opinion in *Jones*, which determined that an identical escape conviction *was not* such a crime.[12] Notably, the differing opinions were not the product of intervening law; rather, each panel considered and relied on the same precedents.

Accordingly, the earlier opinion was not displaced by the later opinion in *Jones*. "In the event of conflicting panel opinions from this court, the earlier one controls, as one panel of this court may not overrule another."[13] "The general rule . . . is that one panel cannot overrule another panel."[14] As a consequence, the earlier panel's "interpretation [i]s binding" and may not be reconsidered by a later panel.[15] And, although the earlier opinion in Delgado's direct appeal was unpublished, it is still binding precedent here "under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to

---

[9] *See Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005); *see also In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).

[10] *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004).

[11] *Delgado*, 320 F. App'x at 287 (emphasis added).

[12] *Jones*, 752 F.3d at 1046.

[13] *Texaco Inc. v. La. Land & Exploration Co.*, 995 F.2d 43, 44 (5th Cir. 1993) (quoting *Smith v. Penrod Drilling Corp.*, 960 F.2d 456, 459 n.2 (5th Cir. 1992), overruled on other grounds by *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (en banc)); *see Barrientes v. Johnson*, 221 F.3d 741, 780 n.30 (5th Cir. 2000).

[14] *Broussard v. S. Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (en banc); *see Barrientes*, 221 F.3d at 780 n.30.

[15] *Broussard*, 665 F.2d at 1390.

show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)."[16] Stated differently, *Jones* is entirely irrelevant in this context.

Although we appreciate Delgado's frustration at the divergent results in his direct appeal and in *Jones*, we are bound by the former. This result will remain absent an *en banc* clarification by this court or a ruling on point by the Supreme Court.

AFFIRMED.

---

[16] 5TH CIR. R. 47.5.4 (2016); *see Dupuy v. Cain*, 201 F.3d 582, 585 (5th Cir. 2000) ("[A] federal habeas petitioner is required to raise all issues in the first petition; a subsequent . . . petition raising new issues is subject to dismissal for abuse of writ.").