**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4712**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY SCOTT HUNT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:18-cr-00220-RBH-1)

Submitted: August 8, 2019                                    Decided: August 14, 2019

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Casey P. Riddle, Assistant Federal Public Defender, OFFICER OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Scott Hunt appeals his sentence after pleading guilty to possession of a firearm and ammunition subsequent to a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2012). The district court calculated that his Guidelines range was 57 to 71 months and sentenced him within the range to 60 months in prison and three years of supervised release. On appeal, Hunt contends that the district court erred in calculating his Guidelines range, because his prior conviction in violation of S.C. Code Ann. § 44-53-370 was not a "controlled substance offense" as defined in U.S. Sentencing Guidelines Manual § 4B1.2(b) (2016) for purposes of USSG § 2K2.1(a)(4)(A). We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We first ensure the district court committed no significant procedural error such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). In evaluating the district court's calculation of the Guidelines range, we review its factual findings for clear error and its legal conclusions de novo. *United States v. Walker*, 922 F.3d 239, 253 (4th Cir. 2019) (citation omitted). We review the legal question of whether a prior conviction qualifies as a controlled substance offense under the Guidelines de novo. *United States v. Furlow*, 928 F.3d 311, 317 (4th Cir. 2019) (citations omitted). When a defendant has not properly preserved an issue by presenting it the district court, we review the appellate contention for plain error only. *Id.* (citation omitted).

2

Hunt contends that the district court erred by applying the modified categorical approach to find his prior conviction was a controlled substance offense, because the South Carolina statute in question is indivisible, which precludes the use of the modified categorical approach; and it is overbroad, since it covers more conduct than a controlled substance offense under the Guidelines. We conclude that this issue is without merit. *See Furlow*, 928 F.3d at 320-22; *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018); *United States v. Rodriguez-Negrete*, 772 F.3d 221, 226-27 (5th Cir. 2014). We further conclude that the district court did not err by considering his sentencing sheet to determine his crime of conviction or in applying the modified categorical approach to find that his prior conviction was a controlled substance offense under the Guidelines. *See Furlow*, 928 F.3d at 322; *United States v. Bethea*, 603 F.3d 254, 259 (4th Cir. 2010).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*