**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4054**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASHFORD JAMES SIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:15-cr-00695-TMC-1)

Submitted:  October 30, 2019                                    Decided:  December 9, 2019

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Jamie L. Schoen, Charleston, South Carolina, Carrie Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashford James Simmons pled guilty, pursuant to a plea agreement, to conspiracy to commit sex-trafficking of minors, in violation of 18 U.S.C. § 1594(c) (2012), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Simmons to 210 months' imprisonment, the top of his advisory Sentencing Guidelines range. On appeal, Simmons argues that the district court erred in calculating his Guidelines range because his prior South Carolina drug convictions are not "controlled substance offenses" under the Guidelines, U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016), or "serious drug offenses" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We affirm but remand for correction of clerical errors in the amended judgment and entry of a written statement of reasons.[1]

"We review criminal sentences for reasonableness using an abuse of discretion standard. A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018) (citations omitted). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted).

---

[1] We previously granted the Government's motion to remand this case for resentencing.

2

To be sentenced as an armed career criminal, a defendant must have sustained "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Relevant here, a serious drug offense means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* at § 924(e)(2)(A)(ii).

To be eligible for an enhanced base offense level under § 2K2.1(a)(2), the defendant must have "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). Section 2K2.1 incorporates the definition of controlled substance offense from the career offender Guideline:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b); *see* USSG § 2K2.1 cmt. n.1.

"Generally, we use the categorical approach when assessing whether a state crime constitutes a 'serious drug offense' under the ACCA or a 'controlled substance offense' under the Guidelines." *United States v. Furlow*, 928 F.3d 311, 318 (4th Cir. 2019). Under this method, "we are obliged to focus on the elements, rather than the facts, of the prior offense" and ask "whether the elements of the prior offense correspond in substance to the elements of the offense defined by the ACCA or the Guidelines." *Id.* (alterations and

3

internal quotation marks omitted). We will, however, employ a modified categorical approach "when a state statute is divisible (i.e., specifies elements in the alternative, thereby defining multiple offenses), and at least one of the crimes defined therein has elements that match the elements of an offense specified in the ACCA or the Guidelines, but another of those crimes does not." *Id.*

One of the statutes under which Simmons was convicted renders it unlawful "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue." S.C. Code Ann. § 44-53-370(a)(1). And another statute under which he was convicted criminalizes similar conduct but is limited to offenses involving methamphetamine and cocaine base. *See* S.C. Code Ann. § 44-53-375(B).

In *Furlow*, we rejected one of the arguments Simmons advances here—that "[§] 44-53-375(B) creates a single drug offense and specifies different means of committing that offense" and that, "[b]ecause one of those means is the mere 'purchase' of a controlled substance," the offense "does not categorically qualify as an ACCA 'serious drug offense' nor a Guidelines 'controlled substance offense.'" *Furlow*, 928 F.3d at 317-18. To the contrary, we concluded that, although the offense does not categorically qualify as a serious drug offense or a controlled substance offense due to the inclusion of the mere purchase of drugs, the statute is divisible and, therefore, the modified categorical approach applies. *Id.* at 319-20. While the sole statute at issue in *Furlow* was § 44-54-375(B), we discussed approvingly our previous decision in *United States v. Marshall*, 747 F. App'x 139 (4th Cir.

4

2018) (No. 16-4594) (argued but unpublished), *cert. denied*, 139 S. Ct. 1214 (2019), which held that the "almost identical" § 44-53-370(a)(1) is divisible. *Furlow*, 928 F.3d at 320; *see also United States v. Rodriguez-Negrete*, 772 F.3d 221, 224-28 (5th Cir. 2014) (applying modified categorical approach to determine offense of conviction under § 44-53-370(a)(1)). Accordingly, we conclude that the district court properly determined that § 44-53-370(a)(1) and -375(B) are divisible and amenable to the modified categorical approach.[2]

"[T]he modified categorical approach permits a sentencing court to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Furlow*, 928 F.3d at 318 (internal quotation marks omitted). These so-called *Shepard*[3] documents "include the state court indictment, a transcript of the plea colloquy in state court, or a comparable state court record." *Id.* at 318-19. After the court has identified the elements of the state offense for which the defendant was convicted, "it must compare those elements with the definitions of 'serious drug offense' and 'controlled substance offense,'" and, "[i]f there is a match, the defendant's conviction is a predicate for the ACCA or the [§ 2K2.1(a)(2) enhanced base offense level], respectively." *Id.* at 319.

---

[2] Simmons concedes that the other statute under which he was convicted—S.C. Code Ann. § 44-53-445—is divisible.

[3] *Shepard v. United States*, 544 U.S. 13 (2005).

5

Simmons argues that, if the modified categorical approach applies, the South Carolina sentencing sheets the Government submitted to establish his offenses of conviction are not proper *Shepard* documents. Because we routinely examine South Carolina sentencing sheets when applying the modified categorical approach, we conclude that the court did not err in doing so here. *See, e.g.*, *United States v. Bethea*, 603 F.3d 254, 259 (4th Cir. 2010).

We note, however, that the amended judgment contains two clerical errors. First, Simmons pled guilty to conspiracy to commit sex-trafficking of minors, in violation of 18 U.S.C. § 1594(c), but the amended judgment lists the statute for the substantive offense of sex-trafficking of minors—18 U.S.C. § 1591(a)(1) (2012). Second, the restitution figures are not accurate. The amended judgment lists victim L.W.'s total loss as $12,400 and victim M.W.'s total loss as $2,080 and orders Simmons to pay the full amount— $14,480. However, the victims' total loss is double that—$24,800 for L.W. and $4,160 for M.W.—and Simmons' codefendant was ordered to pay the other half. In addition to these clerical errors, the court did not append a written statement of reasons to the amended judgment.

Accordingly, although we affirm the district court's amended judgment, we remand for correction of the identified clerical errors and entry of a written statement of reasons. *See* Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*