**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4113**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVIER BROWN, a/k/a Juv,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:16-cr-00630-MGL-1)

Submitted: November 27, 2019                    Decided: December 11, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Winston D. Holliday, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Brown appeals from his 120-month, below Sentencing Guidelines range, sentence imposed after he pleaded guilty to possession with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012). Brown challenges the district court's determination that his two prior controlled substance convictions under S.C. Code Ann. § 44-53-375(B) (2018) constitute felony controlled substance offenses under the career offender provision in the U.S. Sentencing Guidelines Manual § 4B1.1 (2018). He first argues that the South Carolina offenses are categorically overbroad. Second, he argues that even using the modified categorical approach to determine whether he had qualifying drug offenses, the South Carolina sentencing sheets that the court relied upon are also overbroad. Brown sought at sentencing to present the testimony of a former South Carolina prosecutor to explain in general terms the information found on sentencing sheets and what may be possible to infer from the documents. The district court denied the proffer of testimony. Finding no error, we affirm.

We review de novo the district court's determination that a state crime qualifies as a predicate offense under the career offender Guideline. *United States v. Furlow*, 928 F.3d 311, 317 (4th Cir. 2019). Brown first contends that S.C. Code Ann. § 44-53-375(B) should be analyzed using a strict categorical approach. We have recently held otherwise. "[S]ection 44-53-375(B) is divisible and subject to the modified categorical approach." *Furlow*, 928 F.3d at 322.

Under the modified categorical approach, the court may consider a "limited class of documents" approved by the Supreme Court to determine the particular crime of which the

2

defendant was convicted. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The court then is required to compare the elements of that crime with the federal definition of a felony controlled substance offense. *See Mathis*, 136 S. Ct. at 2249, 2256.

Brown argues that the district court erred by consulting his South Carolina sentencing sheets to determine that he was convicted of possession with intent to distribute crack and he should have been permitted to present testimony to interpret the documents. But this court and others have examined sentencing sheets when employing the modified categorical approach to determine which alternative offense formed the basis for a defendant's conviction. *See United States v. Bethea*, 603 F.3d 254, 259-60 (4th Cir. 2010) (consulting South Carolina sentencing sheets under modified categorical approach); *see also United States v. Rodriguez-Negrete*, 772 F.3d 221, 227 (5th Cir. 2014) (same). Accordingly, the district court did not err in doing so here without taking further explanatory testimony.

We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*