**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4694**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT DEMONA VANCE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Bruce H. Hendricks, District Judge. (8:17-cr-00318-BHH-1)

Submitted: December 19, 2019                    Decided: December 23, 2019

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Demona Vance, who pled guilty without a plea agreement to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2018), appeals his 180-month sentence. Vance's sole argument on appeal is that his sentence is unlawful because two of his prior South Carolina narcotics convictions are not "serious drug offenses" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2018) (ACCA). We review de novo whether a state crime qualifies as a predicate offense under the ACCA. *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir. 2017). Finding no error, we affirm.

As Vance readily acknowledges, this court recently confirmed that a district court may apply a modified categorical approach to convictions under the South Carolina statute underlying Vance's prior narcotics convictions. *See United States v. Furlow*, 928 F.3d 311, 317-22 (4th Cir. 2019) (holding that a modified categorical approach may be used to determine if a prior conviction under S.C. Code Ann. § 44-53-375(B) is a proper ACCA predicate). Contrary to Vance's assertion on appeal, however, the record clearly establishes that Vance twice pled guilty to possession with intent to distribute cocaine base, which is a proper ACCA predicate. *See* 18 U.S.C. § 924(e)(2)(A)(i) ("[T]he terms 'serious drug offense' means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]").

Vance counters that the Government did not establish the ACCA predicate status of his prior convictions because, unlike in *Furlow*, it did not present guilty plea transcripts

2

establishing the elements that Vance admitted at the guilty plea hearings for his South Carolina convictions. But this Court has long relied on South Carolina sentencing sheets as *Shepard*[*]-approved documents to determine the ACCA-predicate status of a prior South Carolina conviction. *See, e.g., United States v. Bethea*, 603 F.3d 254, 259 (4th Cir. 2010) ("Besides the statute[] itself, the only documents relating to Bethea's escape conviction that we may consider are the indictment and the sentencing sheet."). We thus discern no error in the district court's reliance on the state court sentencing sheets related to Vance's prior narcotics convictions to determine whether those convictions were proper ACCA predicates.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] *Shepard v. United States*, 544 U.S. 13 (2005).

3