SHIVERS, Chief Judge.
Appellant was convicted and sentenced for sale of cocaine and possession of cocaine with intent to sell. Only the latter conviction is appealed. Appellant maintains possession of cocaine with intent to sell is a specific intent crime and, therefore, the trial court erroneously denied defense counsel’s timely request for a jury instruction on voluntary intoxication.
“[A] defendant charged with [a] specific intent [crime] is entitled to a jury instruction on voluntary intoxication when there is evidence of the use of intoxicants and the defendant is intoxicated at the time of the offense.” Price v. State, 487 So.2d 34, 34-35 (Fla. 1st DCA 1986) (citing Gardner v. State, 480 So.2d 91 (Fla.1985)). The State concedes that (1) possession of cocaine with intent to sell is a specific intent crime, (2) there is evidence of the use of alcohol and intoxication at the time of the offense, and (3) appellant was entitled to a jury instruction on the defense of voluntary intoxication. The State asserts, however, the omission of the jury instruction was harmless. We disagree.
Possession of cocaine with intent to sell is a specific intent crime; and by conceding the evidence showed intoxication at the time of the offense, the State shifted to itself the burden of proof in this appeal. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The State’s sole contention is that denying an instruction on voluntary intoxication could not have contributed to the conviction because appellant was found to have sold cocaine less than an hour before the arrest. That finding does not by itself prove beyond a reasonable doubt that the lack of an instruction on an affirmative defense did not contribute to the conviction. The State has not met its burden under DiGuilio.
REVERSED AND REMANDED FOR NEW TRIAL.
MINER, J., concurs.
WOLF, J., dissents, with opinion.