GREEN, Judge.
Lindsey Glenn appeals his judgments and sentences for burglary and trafficking in stolen property. We affirm and hold that, at least for the seller, trafficking in stolen property is not a specific intent crime.
The state filed an information charging appellant with burglary, grand theft, and trafficking in stolen property. In his confession, appellant acknowledged the burglary, theft, and selling stolen items, but stated that he was intoxicated when he committed the crimes. Additionally, appellant’s cousin, Patricia Brice, testified she observed appellant on the night in question and that he was clearly intoxicated.
Appellant sought a jury instruction for the defense of voluntary intoxication for all the crimes for which he was charged. Although the trial judge gave the voluntary intoxication defense instruction for the crimes of burglary and grand theft, he refused to give the instruction as a defense to trafficking in stolen property. The trial judge concluded that because trafficking in stolen property is not a specific intent crime, the voluntary intoxication defense was not available. The jury found appellant guilty of burglary, petit theft, and trafficking in stolen property, for which the trial judge adjudicated appellant guilty and imposed sentence. Appellant filed a timely notice of appeal contending that trafficking in stolen property is a specific intent crime and the jury should have been instructed on the defense of voluntary intoxication.
We hesitate to enter the unsatisfying debate over those qualities that distinguish general intent crimes from specific intent crimes. Our hesitation is heightened by the legislature’s recent effort to eliminate this distinction for future cases. See § 775.051, Fla. Stat. (1999). We conclude that this distinction requires that we examine the elements of the statutory offense and then determine whether the statute’s plain language requires any heightened or particularized intent. See Frey v. State, 708 So.2d 918 (Fla.1998); Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983). As suggested by Judge Le-han in Linehan, one essentially looks to the statute to determine whether it contains an intent other than the intent to do the act itself. See Shackleford v. State, 567 So.2d 30 (Fla. 1st DCA 1990).
In our case, appellant was charged under section 812.019(1), Florida Statutes (1997), which provides: “(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree[.]” This provision must be read in pari materia with section 812.012(7), Florida Statutes (1997), which defines the term traffic. “(7) ‘Traffic’ means: (a) To sell, transfer, distribute, dispense, or otherwise dispose of property, (b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.” See Fla. Std. Jury Instr. (Crim.) 56. (The Standard Jury Instruction on section 812.09(1), Florida Statutes (1997), encompasses the quot *671 ed language in section 812.012(7), Florida Statutes (1997)).
We do not concern ourselves with a person who traffics by receiving stolen property. Such a person arguably must have a-specific intent to purchase the stolen property at the time it is received. Appellant was charged with selling or transferring property that he knew or should have known was stolen. Clearly, the plain language of the statute requires only general intent concerning the statutory element that the property transferred be stolen, because it is sufficient if the seller should have known this fact.
We conclude that the element of selling or transferring stolen property is a matter of general intent because the act requires no heightened intent. The seller must merely intend the act of sale itself, which usually is a noncriminal act. The seller is not required to possess some specific intent beyond the basic general intent to sell. If the statute, for example, required that he sell property that he knew was stolen to someone that he further knew intended to resell the stolen property, then the crime might be a specific intent crime. The legislature, however, has appropriately written the statute to avoid this complexity. See State v. Franchi 746 So.2d 1126 (Fla. 4th DCA 1999).
The court in Fmnchi stated:
For years the distinction between specific and general intent has spurred debate and caused difficulty in determining the applicability of various defenses. [Footnote omitted.] Recently, the Florida Supreme Court addressed this issue in Frey v. State, 708 So.2d 918 (Fla.1998), deciding whether the defense of voluntary intoxication applies to a charge of resisting arrest with violence. The court explained that it looked to the plain language of section 843.01, Florida Statues (1997), to determine that resisting arrest with violence is not a specific intent crime....
Under the same analysis, the aiding escape statute fits the general intent label. Section 843.12, Florida Statutes, provides as follows:
Whoever knowingly aids or assists a person in escaping, attempting to escape, or who has escaped, from an officer or person who has or is entitled to the lawful custody of such person, is guilty of a felony of the third degree ....
§ 843.12, Fla. Stat. (1997). The plain language of the statute does not require a heightened or particularized intent beyond the mere intent to commit the act itself or the intent to cause the natural and necessary consequences of the act, i.e., to “knowingly” act. Hence, we conclude that section 843.12 is a general, rather than a specific, intent statute, for which the defense of “misadviee of counsel” is not available.-
Id. at 1127-1128 (footnote omitted).
Likewise, we conclude that the crime of trafficking in stolen property requires only general intent, and therefore, appellant was not entitled to the voluntary intoxication instruction.
Affirmed.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.