869 So.2d 1225 (2004)
Kimball E. REESE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3338.
District Court of Appeal of Florida, Second District.
March 26, 2004.
*1226 SILBERMAN, Judge.
Kimball E. Reese challenges the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record attachments did not refute ground one of Reese's claim, we reverse as to that ground. We affirm without comment as to the other eight grounds that Reese raised.
In ground one of his motion, Reese claimed that he informed trial counsel that he had been intoxicated at the time of the offenses and that his codefendants coerced him by threatening to rob and assault his sister if he refused to assist in committing the crimes. Reese asserted that counsel was ineffective because counsel failed to advise him that voluntary intoxication and duress or coercion were valid defenses to the specific intent crimes that were charged. He stated that had he known that these defenses were available to show *1227 his lack of the requisite intent, he would not have entered his no contest plea. The trial court entered an order denying the claim, stating that it was conclusively refuted by the record. The trial court referred to a transcript from a motion to suppress hearing and attached the transcript to its order.
Concerning voluntary intoxication, Reese was charged with multiple counts of burglary, grand theft, petit theft, and dealing in stolen property. The crimes were committed, and he was charged, in 1998. At that time, voluntary intoxication was a defense to specific intent crimes. See Straitwell v. State, 834 So.2d 918, 920 n. 1 (Fla. 2d DCA 2003) (noting that as of October 1, 1999, voluntary intoxication was eliminated as a defense in Florida); see also § 775.051, Fla. Stat. (1999). Burglary, grand theft, and petit theft are specific intent crimes. See Rudolf v. State, 851 So.2d 839, 843 (Fla. 2d DCA 2003); Straitwell, 834 So.2d at 920. Dealing or trafficking in stolen property is not a specific intent crime. See Glenn v. State, 753 So.2d 669, 671 (Fla. 2d DCA 2000).
The transcript of the motion to suppress hearing contains evidence and legal arguments addressing whether Reese's statements to the police were involuntary and subject to suppression because Reese was allegedly under the influence of crack cocaine at the time that the statements were made. The trial court found that the transcript refuted Reese's post-conviction claim that counsel had not advised him of the possible voluntary intoxication defense because counsel had asserted voluntary intoxication as a basis for suppression.
In reviewing the transcript, it is evident that although Reese's counsel argued voluntary intoxication in support of the motion to suppress, the transcript does not address whether counsel informed Reese or discussed with him that voluntary intoxication could also be used as a trial defense against many of the charged offenses. As a result, we disagree with the trial court's conclusion that the transcript refutes the claim.
Turning to the claim relating to a potential defense based on duress or coercion, that defense exists when there is evidence
tending to show that the defendant committed the crime against his will because of circumstances which either constituted a real, imminent and impending danger to himself or to some loved one, or from which circumstances shown in evidence the defendant had reasonable grounds to believe that such danger was real, imminent and impending, and did so believe at the time the crime was committed, and therefore committed the crime because of such belief.
Stevens v. State, 397 So.2d 324, 325 (Fla. 5th DCA 1981). In denying relief, the trial court did not specifically discuss duress or coercion, although it again referred to the suppression hearing transcript as conclusively refuting Reese's claim. Nothing in the transcript refers to duress or coercion; thus, it does not refute Reese's claim.
Because the record attachments did not refute ground one of Reese's post-conviction motion concerning the potential defenses of voluntary intoxication and duress or coercion, we reverse. On remand, the trial court may again summarily deny relief if it can attach portions of the record that conclusively refute the claim. To the extent that the claim is not conclusively refuted by the record, the trial court must conduct an evidentiary hearing on the claim. We affirm the denial of relief as to all other grounds asserted in Reese's motion.
*1228 Affirmed in part, reversed in part, and remanded.
STRINGER and KELLY, JJ., Concur.