[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15372
Non-Argument Calendar

_____

D. C. Docket No. 08-60140-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY APOLLINI DAWKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Apollini Dawkins appeals his 15-month sentence imposed for

illegal reentry after deportation, 8 U.S.C. § 1326(a), (b)(2). No reversible error has been shown; we affirm.

On appeal, Dawkins contends that -- based on the arguments he presented at the sentencing hearing about the threat of violence in his native Jamaica -- the district court should have granted him a downward departure based on duress, U.S.S.G. § 5K2.12. While duress can be a basis for a downward departure, the government correctly notes that we lack jurisdiction to review the district court's failure to depart on this basis. See United States v. Ortega, 358 F.3d 1278, 1279 (11th Cir. 2003) (a district court's refusal to grant a downward departure is unreviewable on appeal unless the district court believed erroneously that it lacked the authority to grant a downward departure). Here, the district court clearly recognized its authority to depart downwardly based on duress but did not believe Dawkins's case warranted such a departure. Thus, we are precluded from considering this argument.

Dawkins also argues that an 8-level sentencing enhancement for previously being deported after a conviction for an aggravated felony, U.S.S.G. § 2L1.2(b)(1)(C), overstated the seriousness of his prior crimes and that the district court should have granted a downward departure based on this overstatement.[1]

---

[1]This enhancement was based on Dawkins's prior conviction for conspiracy to transport stolen property.

Unlike Dawkins's request for a departure based on duress, the district court did not acknowledge explicitly its authority to depart on this basis. The court simply noted that, even though Dawkins had a criminal history category of one (based on the staleness of his prior convictions), the court -- in determining an appropriate sentence -- could not ignore that he had four felony convictions. We resolve ambiguity in the district court's recognition of its authority to grant a downward departure in Dawkins's favor and consider whether the district court erroneously believed it had no authority to depart.[2] See Ortega, 358 F.3d at 1279.

The basis of the departure Dawkins sought is unclear. As he did in the district court, he cites out-of-circuit cases discussing previous versions of section 2L1.2(b)(1) where the commentary noted explicitly that departures may be warranted if enhancements based on prior felonies overstated the seriousness of the underlying felony. But the 2007 guidelines that Dawkins was sentenced under contained no such commentary. See generally U.S.S.G. § 2L1.2(b)(1), comment. (2007). While Dawkins argues that his crime of conspiracy to transport stolen property is non-violent and did not indicate that he was likely to commit more crimes, we previously concluded -- under a more recent version of the guidelines --

---

[2]The district court also used the terms "variance" and "departure" interchangeably at sentencing, further making it unclear whether the court recognized the pertinent authority to depart.

3

that section 2L1.2 takes into account the differences in the severity among aggravated felonies. See Ortega, 358 F.3d at 1279-80 (noting that amendments to section 2L1.2 provided for various base level enhancements according to the kind of prior felony conviction, thus precluding a departure based on the severity of the underlying felony). We, therefore, conclude that the district court lacked authority to depart downward on the basis that the guideline enhancement overstated the severity of Dawkins's criminal history.

To the extent Dawkins sought a downward departure based on his criminal history category, the district court had no authority to depart on this basis either. Because of the staleness of Dawkins's prior felonies, he had a criminal history category of I. While a downward departure "may be warranted" when the defendant's criminal history category overrepresents the defendant's criminal history or the likelihood that he will commit other crimes, U.S.S.G. § 4A1.3(b)(1), a departure below the lower limit of the applicable guideline range for category I is prohibited, U.S.S.G. § 4A1.3(b)(2)(A).

Dawkins also challenges the enhancement by arguing that he did not commit an aggravated felony. We review this argument only for plain error because Dawkins did not raise it in the district court. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under plain-error analysis, Dawkins must show that

4

"(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id.

Under U.S.S.G. § 2L1.2(b)(1)(C), an eight-level enhancement is warranted "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony[.]" The term "aggravated felony" has the same meaning as that term is given in 8 U.S.C. § 1101(a)(43). See U.S.S.G. § 2L1.2(b)(1)(C), comment. n.3(A). This definition includes a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment" is at least one year or conspiracy to commit a theft offense. 8 U.S.C. § 1101(a)(43)(G), (U). Neither we nor the Supreme Court has addressed directly whether conspiracy to transport stolen property qualifies as an aggravated felony. So, Dawkins cannot show error that was plain. See United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (an error cannot be plain if such error is not obvious or clear under current law).[3]

AFFIRMED.

---

[3]And it appears that Dawkins's conviction for conspiracy to transport stolen property would qualify as an aggravated felony theft offense. See Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1353 (11th Cir. 2005) (in reviewing a decision by the Board of Immigration Appeals, applying a general definition of theft that required a "criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent").