# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 13-51117

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODRIGO RODRIGUEZ-NEGRETE,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

—————————

Appeal from the United States District Court
for the Western District of Texas

—————————

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Rodrigo Rodriguez-Negrete ("Rodriguez") appeals his sentence for illegal reentry, contending that the district court erred in imposing a sentence enhancement based on its classification of Rodriguez's prior state crime as a drug trafficking offense. We find that the documents we are permitted to consult establish that Rodriguez necessarily was convicted of a drug trafficking offense, as defined by the federal Sentencing Guidelines.

No. 13-51117

## FACTUAL BACKGROUND

In March 2010, Rodriguez was indicted for "[t]rafficking [c]ocaine" by a South Carolina Grand Jury under section 44-53-370(e)(2)(a)(1) of the South Carolina Code. The indictment charged, *inter alia*,[1] that he

> unlawfully and knowingly did sell, manufacture, cultivate, deliver, purchase, or bring into this State; or did provide financial assistance or otherwise aid, abet, attempt, or conspire to sell, manufacture, cultivate, deliver, purchase, or bring into this State; or did possess or attempt to possess a controlled substance or a controlled substance analogue, to wit: Cocaine, in excess of ten grams . . . .

The affidavit of probable cause supporting this initial trafficking charge stated that after Rodriguez was stopped for a traffic violation, officers found 13.8 grams of cocaine in his vehicle. Thereafter, however, Rodriguez pleaded guilty to a "lesser included offense" pursuant to section 44-53-370(a), which makes it unlawful, *inter alia*, for a person to "manufacture, distribute, dispense, deliver, purchase . . . or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue." S.C. Code Ann. § 44-53-370(a)(1). Rodriguez was sentenced to a prison term of 264 days. The sentencing sheet, signed by Rodriguez, his counsel, and the judge, indicated that Rodriguez pleaded guilty to "PWID/Dist. of Cocaine/LSD/other Narcotic drugs in Sch. I(b) & (c)/Sched. II, 1st offense."

In September 2012, Rodriguez was removed from the United States. In July 2013, he was indicted for illegally reentering the United States after removal in violation of 8 U.S.C. § 1326. He pleaded guilty to that offense. In calculating Rodriguez's Sentencing Guidelines range, the probation officer noted that the Guidelines provide for a sentence enhancement if the defendant

---

[1] Rodriguez was also originally charged with possession with intent to distribute cocaine in proximity to a school, but that charge was not prosecuted.

previously committed a "drug trafficking offense." *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(B) (2013). The officer applied that enhancement, recommending that Rodriguez's offense level be increased by twelve levels, based on Rodriguez's 2010 conviction in South Carolina.

Rodriguez's counsel submitted a written response to the presentence report. Citing caselaw, he objected to the sentence enhancement because the South Carolina statute under which Rodriguez pleaded guilty criminalizes the "mere purchase or possession of a controlled substance." Defense counsel argued that neither the indictment nor the judgment indicated whether Rodriguez pleaded guilty to a drug trafficking offense within the meaning of the Sentencing Guidelines. He argued that because the "least culpable act" that violates the statute of conviction does not constitute a drug trafficking offense, Rodriguez was ineligible for the sentence enhancement.

At the sentencing hearing, defense counsel repeated his objection to the classification of Rodriguez's state crime as a drug trafficking offense. Citing the sentencing sheet's reference to "PWID/Dist. of Cocaine/LSD/other Narcotic drugs," counsel stated, "you can't read that one sentence under *Shepard* to be the equivalent of a specific factual finding by the judge that that's what he did any more than you can read it to be a notation of the clerk who included the first one or two lines of boilerplate from the statute."[2] The sentencing judge overruled the objection and relied on the twelve-level enhancement to apply a Guidelines range of 30 to 37 months in prison. The judge sentenced Rodriguez to a prison term of 30 months. Defense counsel objected to that sentence "in order to preserve the issue."

---

[2] Rodriguez, in his sentencing allocation, remarked similarly: "I would like to request the minimum, because of what they are saying, the reason I was accused in South Carolina was for possession. I was not accused with possession with intent to distribute, and I was never a trafficker."

No. 13-51117

## DISCUSSION

We review the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Medina-Torres*, 703 F.3d 770, 773 (5th Cir. 2012). To determine whether a prior conviction qualifies as an offense under the Sentencing Guidelines, we begin with the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 602 (1990). *See United States v. Stoker*, 706 F.3d 643, 648 (5th Cir. 2013). Under that approach, "[w]e examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether the enhancement applies." *United States v. Teran-Salas*, 767 F.3d 453, 458 (5th Cir. 2014) (internal quotation marks and citation omitted). "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks, alteration, and citation omitted). In determining whether a state statute sweeps more broadly than an offense defined under federal law, courts should not "conceive of every imaginable means by which a statute might possibly be violated." *United States v. Gore*, 636 F.3d 728, 733 (5th Cir. 2011). Rather, "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires . . . a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). "To show that realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.*

4

No. 13-51117

If the state statute sweeps more broadly than the federal definition of the offense, and the state statute is "divisible" in that it sets out offense elements in the alternative, then we apply the "modified categorical approach" to determine which offense element formed the basis of the defendant's state conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *Perez-Gonzalez v. Holder*, 667 F.3d 622, 625 (5th Cir. 2012). Under the modified categorical approach, we may determine the defendant's offense by consulting a limited class of documents in addition to the statute of conviction. We may consider the "'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Medina-Torres*, 703 F.3d at 774 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). The Government bears the burden of showing that, based on these documents, the offense of conviction necessarily constituted a qualifying offense under the Sentencing Guidelines. *See United States v. Castaneda*, 740 F.3d 169, 174 (5th Cir. 2013). Where these documents do not identify the offense of conviction, we must consider whether the "least culpable" means of violating the statute of conviction qualifies as an offense under the Sentencing Guidelines. *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014) (internal quotation marks and citation omitted). A sentence enhancement is properly applied only if the "least culpable" means of violating the state statute makes the defendant eligible for the enhancement. *See United States v. Reyes-Mendoza*, 665 F.3d 165, 167 (5th Cir. 2011).

I.     **Statute of Conviction**

To determine whether Rodriguez was convicted of a qualifying drug trafficking offense in South Carolina, we begin by comparing the state statute violated to the definition of a drug trafficking offense under the federal

No. 13-51117

Sentencing Guidelines. The statutory provision under which Rodriguez pleaded guilty, as entered on his sentencing sheet, is section 44-53-370(b)(1), which, in fact, is the penalty provision for a person who violates section 44-53-370(a) with respect to "a controlled substance classified in Schedule I (b) and (c) which is a narcotic drug or lysergic acid diethylamide (LSD) and in Schedule II which is a narcotic drug." Section 44-53-370(a) provides generally:

> [I]t shall be unlawful for any person: (1) to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue; (2) to create, distribute, dispense, deliver, or purchase, or aid, abet, attempt, or conspire to create, distribute, dispense, deliver, or purchase, or possess with intent to distribute, dispense, deliver, or purchase a counterfeit substance.

Under the Sentencing Guidelines, a "drug trafficking offense" is, in relevant part, "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. 1(B)(iv). Section 44-53-370(a) criminalizes distribution and possession with intent to distribute, both of which are drug trafficking offenses under the plain language of U.S.S.G. § 2L1.2. *See Teran-Salas*, 767 F.3d at 460; *see also State v. Andrews*, 479 S.E.2d 808, 814 (S.C. Ct. App. 1996) (making clear that to prove the crime of possession with intent to distribute under section 44-53-370(a), the state is required to "prov[e] beyond a reasonable doubt the element of intent to distribute").

However, the "purchase" of a controlled substance also violates section 44-53-370(a) but is not necessarily a drug trafficking offense within the meaning of the Sentencing Guidelines. Both the plain language of the statute

6

and caselaw indicate that section 44-53-370(a) prohibits the "purchase" of cocaine. *See* S.C. Code Ann. § 44-53-370(a)(1) ("[I]t shall be unlawful for any person . . . to . . . purchase . . . a controlled substance."); *see, e.g., State v. Watson*, No. 2013-UP-312, 2013 WL 8538756, at \*1-2 (S.C. Ct. App. July 3, 2013) (upholding a jury charge and verdict form "reflecting PWID [possession with intent to distribute] heroin and purchasing heroin as two separate offenses" under section 44-53-370(a)(1)). The purchase of a drug alone, however, does not fall within the plain language of a "drug trafficking offense" under U.S.S.G. § 2L1.2. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) (comparing the plain language of the state statute with the federal definition of a "drug trafficking offense" to determine that the state statute was overbroad). Notably, we have held that a state conviction for *transporting* drugs did not constitute a drug trafficking offense because the state statute did not include as an element an intent to manufacture, import, export, distribute, or dispense the drugs. *United States v. Lopez-Salas*, 513 F.3d 174, 178 (5th Cir. 2008). Section 44-53-370(a) criminalizes, *inter alia*, the purchase of drugs without any requirement that the offender intended to manufacture, import, export, distribute, or dispense the drugs. S.C. Code Ann. § 44-53-370(a)(1); *cf. United States v. Shannon*, 631 F.3d 1187, 1189 (11th Cir. 2011) (holding that purchasing drugs did not constitute a "controlled substance offense" under U.S.S.G. § 4B1.2(b), whose language is nearly identical to the definition of "drug trafficking offense" in U.S.S.G. § 2L1.2); *United States v. Henao-Melo*, 591 F.3d 798, 803 n.7 (5th Cir. 2009) ("Given the similarities [between these two definitions], we cite cases interpreting one or the other interchangeably.").

Because the statute of Rodriguez's conviction criminalizes drug distribution offenses as well as the mere purchase of drugs—the latter not

necessarily a drug trafficking offense—the statute alone would not be sufficient and determinative to support Rodriguez's sentence.

## II.    Record of Conviction

Under the modified categorical approach, we may determine the offense of Rodriguez's conviction by consulting a limited class of documents approved by the Supreme Court in *Shepard v. United States*. The state record in this case consists of three documents: (1) an indictment; (2) an affidavit of probable cause; and (3) a sentencing sheet. The Government does not argue that we may consult the affidavit under *Shepard. See Perez-Gonzalez*, 667 F.3d at 628 (excluding from consideration an affidavit by the Deputy County Attorney filed in support of the charging document). We also may not rely on the indictment to determine Rodriguez's offense because he pleaded guilty to a lesser-included offense of the charged offense. *See United States v. Neri-Hernandes*, 504 F.3d 587, 590 (5th Cir. 2007) (holding that the district court erred in using the indictment to identify the defendant's crime of conviction because he pleaded guilty to a lesser-included offense of the charged offense).

Rodriguez concedes on appeal that *Shepard* permits consideration of the sentencing sheet to determine his crime of conviction. *See United States v. Bethea*, 603 F.3d 254, 259 (4th Cir. 2010) (considering a South Carolina sentencing sheet under the modified categorical approach). However, the parties dispute whether the sentencing sheet makes clear that Rodriguez was convicted of a drug trafficking offense under U.S.S.G. § 2L1.2. At the sentencing hearing for Rodriguez's federal crime, the district court sided with the Government, finding that the sentencing sheet established that Rodriguez pleaded guilty to possession with intent to distribute. We review that conclusion de novo. *See Lopez-Salas*, 513 F.3d at 177, 180 (rejecting under de novo review the district court's inference from the indictment that the

defendant intended to distribute the marijuana that he transported); *United States v. Bonilla*, 524 F.3d 647, 652–53 (5th Cir. 2008) (rejecting under de novo review the district court's interpretation of the record as establishing that the defendant's prior state conviction was for a crime of violence, as defined by the Sentencing Guidelines). The Government bears the burden of proving, based on *Shepard*-approved documents, that Rodriguez was "necessarily" convicted of a drug trafficking offense. *See Henao-Melo*, 591 F.3d at 805 (noting that "*Taylor* demands certainty when determining whether a past guilty plea 'necessarily admitted elements of the generic offense'" referenced in federal law (quoting *Shepard*, 544 U.S. at 24, 26)).

We find that the sentencing sheet makes clear that Rodriguez was convicted of a drug trafficking offense. The sentencing sheet states that Rodriguez pleaded guilty to "PWID/Dist. of Cocaine/LSD/other Narcotic drugs in Sch. I(b) & (c)/Sched. II, 1st offense," in violation of section 44-53-370(b)(1). Of the various ways in which section 44-53-370(a) and its accompanying penalty subsection, (b)(1), may be violated, the sentencing sheet, albeit in abbreviated form, refers only to possession with intent to distribute and distribution. These offenses are "drug trafficking offenses" under the plain language of the Sentencing Guidelines, and Rodriguez does not argue otherwise. *See* U.S.S.G. § 2L1.2 cmt. 1(B)(iv); *cf. United States v. Herrera-Escobedo*, 440 F. App'x 365, 367–68 (5th Cir. 2011) (finding that a state court judgment specifying that the defendant's conviction was for "UNLAWFUL DELIVERY PG 1–HEROIN" established that he had been convicted of a drug trafficking offense).

Rodriguez argues that the phrase "PWID/Dist." is "shorthand" or a statutory identifier that lacks the "specificity" necessary to identify the offense of conviction. He draws attention to our decision in *United States v. Gutierrez-*

*Ramirez*, 405 F.3d 352 (5th Cir. 2005), which cited favorably the Ninth Circuit's decision in *United States v. Navidad-Marcos*, 367 F.3d 903 (9th Cir. 2004). In *Navidad-Marcos*, the Ninth Circuit held that a California "abstract of judgment" identifying the defendant's offense as "Transport/sell cont. sub." simply recited the statute of conviction and did not necessarily establish that the defendant was convicted of the transportation and sale of drugs. *Id.* at 908. However, *Navidad-Marcos* relied on the unreliability of California abstracts of judgment, and its holding has been called into doubt by subsequent Ninth Circuit caselaw. *See Kwong v. Holder*, 671 F.3d 872, 879 (9th Cir. 2011). Further, South Carolina sentencing sheets, the record shows, are signed by the defendant, defense counsel, and the judge, and therefore are more reliable than California abstracts of judgment, which are "a clerical, not a judicial function." *Navidad-Marcos*, 367 F.3d at 909. In addition, the abstract of judgment in *Navidad-Marcos* alluded to transportation, which the Ninth Circuit found does not necessarily constitute a drug trafficking offense. *Id.* at 908. By contrast, Rodriguez's sentencing sheet identifies only distribution conduct that constitutes a drug trafficking offense. The sentencing sheet therefore makes clear that Rodriguez pleaded guilty to a drug trafficking offense within the meaning of the Sentencing Guidelines.

## CONCLUSION

For the foregoing reasons, we AFFIRM Rodriguez's sentence.