# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41056

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BENITO SANCHEZ-RODRIGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-880

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant–Appellant Benito Sanchez-Rodriguez was convicted in 2002 of dealing in stolen property in a Florida state court. On April 30, 2015, Sanchez-Rodriguez pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). In sentencing him, the district court concluded that Sanchez-Rodriguez's 2002 Florida conviction was an aggravated felony within the meaning of U.S.S.G. § 2L1.2(b)(1)(C). However, because the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41056

relevant Florida statute applies to conduct outside the definition of the generic crime under the sentencing Guidelines, we cannot agree that Sanchez-Rodriguez's conviction was an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). Accordingly, we VACATE Sanchez-Rodriguez's sentence and REMAND for re-sentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2002, the State of Florida filed a three-count criminal information against Defendant–Appellant Benito Sanchez-Rodriguez. As relevant here, the third count charged Sanchez-Rodriguez with "Dealing in Stolen Property," in violation of Florida Statute § 812.019. Specifically, the third count stated that Sanchez-Rodriguez "unlawfully traffic[ked] or endeavor[ed] to traffic in stolen property . . . and in so doing [Sanchez-Rodriguez] knew or should have known that said property was stolen." Sanchez-Rodriguez subsequently pleaded guilty to this count in Florida state court, and he was sentenced to three years' imprisonment, which was suspended for three years' probation. Following this conviction, Sanchez-Rodriguez, who is a citizen of Mexico and who had no legal status in the United States, was deported to Mexico in December 2002.

In May 2014, Sanchez-Rodriguez was arrested for driving while intoxicated in Texas. Immigration and Customs Enforcement agents encountered Sanchez-Rodriguez while he was detained at a local jail following his arrest, and he admitted to them that he was a citizen of Mexico without legal status in the United States. Sanchez-Rodriguez was subsequently indicted on one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). On April 30, 2015, he pleaded guilty to the indictment without a plea agreement, and the district court accepted his plea in August 2015.

A United States Probation Officer prepared a presentence investigation report (PSR) using the 2014 edition of the United States Sentencing Guidelines

No. 15-41056

(U.S.S.G.).  Under U.S.S.G. § 2L1.2(a), Sanchez-Rodriguez was assigned a base offense level of eight.  The base offense level was enhanced by eight levels because, according to the PSR, Sanchez-Rodriguez's 2002 Florida conviction for dealing in stolen property qualified as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).  Sanchez-Rodriguez's offense level was reduced by three levels based on his acceptance of responsibility and his guilty plea, yielding a total offense level of 13.  *See* U.S.S.G. § 3E1.1.  Based on his criminal history, Sanchez-Rodriguez was assigned a criminal history category of IV.  With an offense level of 13 and a criminal history category of IV, the Guidelines range for Sanchez-Rodriguez was 24 to 30 months' imprisonment.

Sanchez-Rodriguez filed written objections to the PSR, arguing that his stolen-property conviction was not an aggravated felony as defined by U.S.S.G. § 2L1.2(b)(1)(C) or 8 U.S.C. § 1101(a)(43) and that, therefore, he was not eligible for the eight-level enhancement.  Sanchez-Rodriguez also objected to the enhancement at sentencing, arguing that "the Florida statute is overly broad."  The district court overruled Sanchez-Rodriguez's objections and adopted the PSR in full.  The court then sentenced him to 27 months' imprisonment—the middle of the Guidelines range.  Sanchez-Rodriguez timely appealed, challenging the aggravated-felony enhancement based on overbreadth.

## II. STANDARD OF REVIEW

We review a district court's sentencing decision "for reasonableness." *United States v. Anderson*, 559 F.3d 348, 354 (5th Cir. 2009).  In doing so, we review the district court's interpretation of the Guidelines *de novo*.  *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  If the defendant fails to object at sentencing, our review is only for plain error. *Anderson*, 559 F.3d at 354.  Sanchez-Rodriguez argues that the appropriate standard of review is *de novo*, while the Government contends that plain error

3

review applies.   However, the court, not the parties, must determine the appropriate standard of review.  *United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015).

To preserve an error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction.  *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000).  Sanchez-Rodriguez filed a written objection and objected at sentencing, raising essentially the same—if not as refined—argument that he raises on appeal. Thus, the district court was adequately notified of the grounds upon which Sanchez-Rodriguez's objection was made.  *See, e.g.*, *United States v. Garcia-Perez*, 779 F.3d 278, 282 (5th Cir. 2015) (determining that, although the defendant refined his argument on appeal, his objection to the classification of his prior conviction as a crime of violence was sufficient to preserve the issue on appeal).   Because the district court was adequately notified of the grounds of Sanchez-Rodriguez's objection, our review is *de novo*. *See id.*; *Ocana*, 204 F.3d at 588–89.

### III. AGGRAVATED FELONY UNDER U.S.S.G. § 2L1.2(b)(1)(C)

Under U.S.S.G. § 2L1.2(b)(1)(C), a defendant's base offense level will be increased by eight levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony." *Id*.  The commentary to the Guidelines provides that "[f]or the purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony." U.S.S.G. § 2L1.2 cmt. n.3(A); *see also United States v. McKinney*, 520 F.3d 425, 429 (5th Cir. 2008) ("The commentary's interpretation of the guidelines is generally authoritative.").   That statute defines "aggravated felony" as "a theft offense (including receipt of stolen

property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). In this case, the district court concluded that Sanchez-Rodriguez's 2002 Florida conviction for dealing in stolen property constituted an aggravated felony within this definition. We disagree and hold that Sanchez-Rodriguez's Florida conviction is not an aggravated felony within this definition and that, therefore, the district court erred in applying a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

"To determine whether a prior conviction qualifies as an offense under the Sentencing Guidelines, we begin with the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 602 (1990)." *United States v. Rodriguez-Negrete*, 772 F.3d 221, 224–25 (5th Cir. 2014). This court has previously explained:

> [W]hen applying the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood" that triggers the sentencing enhancement. "If the [offense of conviction] has the same elements as the 'generic' . . . crime [in the sentencing enhancement], then the prior conviction can serve as [the] predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily . . . guilty of all the [generic crime's] elements.'"

*United States v. Schofield*, 802 F.3d 722, 727–28 (5th Cir. 2015) (alterations in original) (citation omitted) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281, 2283 (2013)). Where, as here, a defendant was convicted of violating a divisible statute,[1] we employ the modified categorical approach, which "helps implement the categorical approach when a defendant was convicted of

---

[1] A divisible statute "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Descamps*, 133 S. Ct. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

violating a divisible statute." *Descamps*, 133 S. Ct. at 2285. "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. Having made this determination, "[t]he court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.*

Here, the generic crime is "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). "The provision does not define 'theft offense.'" *United States v. Medina-Torres*, 703 F.3d 770, 774 (5th Cir. 2012) (per curiam). Accordingly, we have previously applied "'the generic, contemporary meaning' of 'theft offense' under § 1101(a)(43)(G)," which is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Id.* (quoting *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007) (per curiam)). As relevant to the instant case, "this generic definition requires 'an intent to deprive the owner of the benefit proceeding from possession of the stolen goods.'" *Id.* at 775 (quoting *Burke*, 509 F.3d at 697)). The statute forming the basis of Sanchez-Rodriguez's crime of conviction is Florida Statute § 812.019, which provides that "[a]ny person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree." Florida law further provides that:

> "Traffic" means:
>> (a) To sell, transfer, distribute, dispense, or otherwise dispose of property.

No. 15-41056

> (b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.

Fla. Stat. § 812.012(8).

Sanchez-Rodriguez argues that the Florida statute is overly broad for the purposes of the enhancement he received because it does not require proof of the specific "intent to deprive the owner of rights and benefits of ownership," which is an element of the generic offense of theft. Therefore, Sanchez-Rodriguez argues, his conviction cannot serve as the predicate for a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C). We agree that the conviction cannot serve as the predicate for such an enhancement.

Because the relevant Florida statute "comprises multiple, alternative versions of the crime," *Descamps*, 133 S. Ct. at 2284, we first turn to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," *Shepard v. United States*, 544 U.S. 13, 16 (2005), to determine which version of the crime formed the basis of Sanchez-Rodriguez's conviction. In the 2002 Florida case, Sanchez-Rodriguez pleaded guilty to a charge that he "did unlawfully traffic or endeavor to traffic in stolen property, to-wit: a television and/or stereo equipment and/or a camera the property of [the victim] . . . and in so doing . . . knew or should have known that said property was stolen."[2] Thus, Sanchez-Rodriguez may have been convicted because he *knew* the relevant property was stolen or because he *should have known* that property was stolen. "Where [the *Shepard*-compliant] documents do not identify the offense of conviction, we must consider whether the 'least culpable' means of

---

[2] This charge comes directly from the charging document in the 2002 Florida case. No other *Shepard*-compliant documents further elucidate which version of the dealing in stolen property statute formed the basis of Sanchez-Rodriguez's conviction.

violating the statute of conviction qualifies as an offense under the Sentencing Guidelines." *Rodriguez-Negrete*, 772 F.3d at 225. This is so because "[a] sentence enhancement is properly applied only if the 'least culpable' means of violating the state statute makes the defendant eligible for the enhancement." *Id.* Accordingly, we evaluate whether Sanchez-Rodriguez was eligible for the enhancement assuming that he was convicted under the "should have known" version of the Florida statute.

Based on the "should have known" version of the statute, we cannot say that the stolen property offense under Florida law requires "an intent to deprive the owner of the benefit proceeding from possession of the stolen goods." *Burke*, 509 F.3d at 697. Although no federal court of appeals has reached the specific question of intent at issue today,[3] Florida courts have consistently held that, while "[b]urglary, grand theft, and petit theft are specific intent crimes . . . [d]ealing or trafficking in stolen property is not a specific intent crime." *Reese v. State*, 869 So. 2d 1225, 1227 (Fla. Dist. Ct. App. 2004); *accord Aversano v. State*, 966 So. 2d 493, 495 (Fla. Dist. Ct. App. 2007). In *Glenn v. State*, 753 So. 2d 669 (Fla. Dist. Ct. App. 2000), a defendant was charged with burglary, grand theft, and dealing in stolen property. *Id.* at 670. A Florida appellate court explained that, because dealing in stolen property

---

[3] In the district court, the Government pointed to an unpublished Eleventh Circuit decision, *United States v. Dawkins*, 341 F. App'x 520 (11th Cir. 2009) (per curiam), in arguing that dealing in stolen property under Florida law is an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). In *Dawkins*, the defendant objected to the aggravated-felony enhancement based on his conviction for conspiracy to transport stolen property. *Id.* at 522. The Eleventh Circuit affirmed the enhancement based on the second prong of plain error review but noted that "it appear[ed] that Dawkins's conviction for conspiracy to transport stolen property would qualify as an aggravated felony theft offense." *Id.* at 522 n.3. On appeal, the Government notes that, although *Dawkins* originated in the Southern District of Florida, neither the opinion nor the Government's brief in that case confirms whether the conviction arose under Florida law. For this reason, as well as the court's specific holding, the Government abandoned its reliance on *Dawkins* on appeal. We similarly find *Dawkins* unpersuasive on the issue before us.

was not a specific intent crime like burglary and grand theft, the defendant could not use voluntary intoxication as a defense. *Id*. at 670–71. The court further explained that "[c]learly, the plain language of the statute requires only general intent concerning the statutory element that the property transferred be stolen, because it is sufficient if the [defendant] should have known this fact."[4] *Id*. at 671.

The Florida courts' analyses are supported by the plain language of the Florida "dealing in stolen property" and "theft" statutes. Consistent with the generic crime of theft, Florida's theft statute requires that a defendant have "the intent to . . . deprive the other person of a right to the property or a benefit from the property." Fla. Stat. § 812.014. This intent element is entirely absent from Florida's "dealing in stolen property" statute. *See* Fla. Stat. § 812.019. Based on this absence and Florida courts' consistent holdings that dealing in stolen property requires no specific intent, we conclude that the crime of dealing in stolen property is defined more broadly under Florida law than the generic crime of "theft" under U.S.S.G. § 2L1.2(b)(1)(C). *Cf. Burke*, 509 F.3d at 696–97 (determining that a New York conviction for criminal possession of stolen property constituted an aggravated felony because the statute required the necessary criminal "intent to deprive the owner of the benefit proceeding from possession of the stolen goods").

---

[4] The Government argues that *Glenn* is inapposite because its analysis was specific to "the element of selling or transferring property." *Glenn*, 753 So. 2d at 671. However, the *Glenn* court was simply analyzing the relevant part of § 812.019 based on the facts of the case before it. That statute defines "trafficking" stolen property as either selling or buying/receiving stolen goods. Fla. Stat. § 812.012(8). Because only the selling aspect of trafficking was relevant to the case before it, the *Glenn* court focused its attention there. This does not render *Glenn* inapposite to the issue before us. Considering, as we must, the "'least culpable' means of violating the statute of conviction," *Rodriguez-Negrete*, 772 F.3d at 225, *Glenn* clearly establishes that a defendant need have no specific intent in order to be found guilty under Florida Statute § 812.019.

No. 15-41056

However, this conclusion, by itself, is insufficient to hold that Florida Statute § 812.019 cannot serve as the predicate for a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Sanchez-Rodriguez must also demonstrate "a realistic probability, not a theoretical possibility," that Florida "would apply its statute to conduct falling outside the generic definition" in order to establish error on the part of the district court. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Sanchez-Rodriguez did so here by pointing to multiple Florida cases explicitly stating that dealing in stolen property requires no criminal intent to deprive the owner of rights and benefits of ownership. *See, e.g.*, *Aversano*, 966 So. 2d at 495; *Reese*, 869 So. 2d at 1227; *Glenn*, 753 So. 2d at 671. Because Florida applies this statute to conduct outside the generic definition of theft in U.S.S.G. § 2L1.2(b)(1)(C), the district court erred in using Sanchez-Rodriguez's conviction for dealing in stolen property as the predicate for a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C).[5]

While "certain 'harmless' errors do not warrant reversal," the error here was not harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009). Without the eight-level enhancement for an aggravated felony, Sanchez-Rodriguez's 2002 Florida conviction would have qualified for only a four-level enhancement for "any other felony." *See* § 2L1.2(b)(1)(D). A four-level enhancement, combined with a base offense level of eight and a two-level

---

[5] The Government argues that, "[i]f the defendant knew or believed the property to be stolen, it logically follows that the defendant intended to deprive the property's true owner of the rights and benefits of ownership." And "the statute's focus on the defendant's 'guilty knowledge' suggests that [a] defendant who genuinely, but mistakenly, believes that the property is not stolen could not be convicted of dealing in stolen property." However, these arguments are unpersuasive, as they are directly refuted by at least three decisions from Florida appellate courts. Moreover, all of the cases the Government cites in support of its arguments address situations where the State introduced evidence that the defendants *knew*, not that they *should have known*, that the relevant property was stolen. *See, e.g.*, *Newberry v. State*, 442 So. 2d 334, 335 (Fla. Dist. Ct. App. 1983) (noting that the State introduced evidence that the defendants lied about their authority to sell property, suggesting that they knew that the property was stolen).

reduction for acceptance of responsibility, would have resulted in a total offense level of 10.[6]    A total offense level of 10, combined with a criminal history category of IV, would have resulted in a Guidelines range of 15 to 21 months of imprisonment.  U.S.S.G. Ch. 5, Pt. A.  The district court imposed a sentence of 27 months, which is outside the correct Guidelines range of imprisonment, and the court did not indicate that it would have imposed an identical sentence despite any error in its ruling.  *See Delgado-Martinez,* 564 F.3d at 753.  Because the correct Guidelines range is less than the 24 to 30 month range Sanchez-Rodriguez originally faced, the error was not harmless.  Accordingly, we must remand the case for re-sentencing pursuant to the proper Guidelines range.

## IV. CONCLUSION

For the foregoing reasons, we VACATE Sanchez-Rodriguez's 27-month sentence and REMAND the case for re-sentencing.

---

[6] Sanchez-Rodriguez originally received a three-level reduction of his offense level under U.S.S.G. § 3E1.1(a) and (b).  However, given a base offense level of eight and a four-level enhancement, Sanchez-Rodriguez would only be eligible for a two-level reduction under U.S.S.G. § 3E1.1(a).