# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30894
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUACY L. FRANCIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-180-4

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Quacy L. Francis appeals the 264-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute crack cocaine. Francis was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a)(3) because the district court determined that he had at least two prior felony convictions for a crime of violence or a controlled substance offense.

Francis argues that the district court erred in applying the career

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offender enhancement based upon his prior Louisiana drug offenses.  As Francis's appellate arguments were not raised before the district court, our review is for plain error.  *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The supplemented record on appeal contains the charging documents and plea colloquies for Francis's 1993 and 2010 drug offenses, and those records are sufficient to prove the existence of the convictions.  *See United States v. Ortega-Calderon*, 814 F.3d 757, 762 (5th Cir. 2016); *see also* LA. REV. STAT. ANN § 14:27(D)(3) (2010); LA. REV. STAT. ANN. § 40:966(A)(1), (B)(3) (2010); LA. REV. STAT. ANN § 40:967(A)(1), (B)(1) (1993).  Moreover, the crux of Francis's arguments on appeal is that the Louisiana drug offenses are defined more narrowly than the generic controlled substance offenses under U.S.S.G. § 4B1.2(b) because the Louisiana offenses require proof of drug type while the corresponding generic offenses do not require proof of drug type.  If a state statute defines the crime more narrowly than the generic offense, the state offense can serve as a predicate controlled substance offense under § 4B1.1.  *See United States v. Sanchez-Rodriguez*, 830 F.3d 168, 172 (5th Cir. 2016).  Thus, even if Francis is correct in characterizing the elements of proof for the Louisiana offenses as including drug type, he has not shown that the district court clearly or obviously erred in applying the career offender enhancement.  *See id.*; *Puckett*, 556 U.S. at 135.  The district court's judgment is AFFIRMED.