# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAMON ZUNIGA, also known as Josue Ararel Zuniga-Zaragoza, also
known as Jose Ramon Zuniga-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-90-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jose Ramon Zuniga pleaded guilty to illegal reentry after deportation
following a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1).
Zuniga's sentence was calculated using the 2014 version of the Sentencing
Guidelines to avoid an ex post facto violation. Zuniga received an eight-level
aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-20127

prior Texas conviction for burglary of a building in violation of Texas Penal Code § 30.02(a). The district court sentenced Zuniga within the guidelines range to 39 months of imprisonment. Zuniga filed a timely notice of appeal.

Zuniga concedes that he did not object to the district court's application of the eight-level aggravated felony enhancement and that this court's review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He maintains that the district court's application of the enhancement under § 2L1.2(b)(1)(C) (2014) based on his prior Texas conviction for burglary of a building constituted plain error in light of this court's decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445), and the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

Under the version of § 2L1.2(b)(1)(C) used to sentence Zuniga, the term "aggravated felony" was defined by reference to 8 U.S.C. § 1101(a)(43). § 2L1.2(b)(1)(C), comment. (n.3(A)) (2014). As relevant in Zuniga's case, § 1101(a)(43) defines "aggravated felony" to include "[a] burglary offense for which the term of imprisonment [is] at least one year." § 1101(a)(43)(G). This court applies the categorical approach set out in *Taylor v. United States*, 495 U.S. 575 (1990) to determine whether a prior state conviction qualifies as an aggravated felony under § 1101(a)(43). *United States v. Sanchez-Rodriguez,* 830 F.3d 168, 171-72 (5th Cir. 2016).

The state court judgment does not specify which subsection of § 30.02(a) formed the basis of Zuniga's conviction, and this court is without a means of narrowing Zuniga's conviction because, following *Herrold*, the Texas burglary statute is indivisible and the modified categorical approach does not apply. *See* 883 F.3d at 530. Because § 30.02(a)(3) is broader than the *Taylor* definition of generic burglary and because § 30.02(a) is indivisible, Zuniga's Texas burglary

conviction does not qualify as a "burglary offense" under § 1101(a)(43)(G) for purposes of the aggravated felony enhancement. *See id.* at 537.

Even though Zuniga's prior conviction for Texas burglary is not categorically a "burglary offense" under § 1101(a)(43)(G), he is still subject to the aggravated felony enhancement if his prior conviction constitutes a "crime of violence" as defined under 18 U.S.C. § 16.[1] *See* § 1101(a)(43)(F). This court has previously held that Texas burglary of a building is not a crime of violence under § 16(a) because "the state need not prove the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995), *overruled on other grounds as recognized in United States v. Turner*, 305 F.3d 349, 350-51 (5th Cir. 2002). Zuniga argues that his Texas burglary conviction cannot be a crime of violence under § 16(b) because the Supreme Court struck down that provision in *Dimaya*.

In *Dimaya*, the Supreme Court invalidated as unconstitutionally vague the definition of "crime of violence" in § 16(b)'s residual clause for essentially the same reasons that the Court invalidated 18 U.S.C. § 924(e)(2)(B)(ii)'s similar residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Dimaya*, 138 S. Ct. at 1211, 1223. After the completion of briefing in Zuniga's case, however, this court decided *United States v. Godoy*, 890 F.3d 531 (5th Cir. 2018).

---

[1] Under § 16, "crime of violence" is defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The court clarified in *Godoy* that Texas burglary could, despite *Johnson* and *Dimaya,* support the eight-level enhancement under § 2L1.2(b)(1)(C) as an aggravated felony. *Id.* at 536-41. The court determined that the Supreme Court's holding in *Dimaya* that § 16(b) was unconstitutionally vague did not "forbid using § 16(b) to calculate recommended sentences under the nonbinding Guidelines." *Id.* at 541.

The *Godoy* court also addressed *Herrold* and concluded that its holding had no effect on existing caselaw holding that a conviction under § 30.02(a) is categorically a crime of violence under § 16(b). *Id.* at 540-41. As the court explained, "nothing in our caselaw holding that Texas burglary qualifies as a crime of violence under § 16(b) turns on either a distinction between § 30.02(a)(1) and (a)(3) or a belief that those provisions capture only generic burglary." *Id.* at 541.

This court's decision in *Godoy* makes clear that the Texas offense of burglary of a building under § 30.02(a) is a crime of violence under § 16(b) and thus an aggravated felony under § 2L1.2(b)(1)(C) (2014). *See* 890 F.3d at 536-41. As such, the district court did not err plainly or otherwise in applying § 2L1.2(b)(1)(C)'s aggravated felony enhancement in Zuniga's case. The judgment of the district court is AFFIRMED.

4